IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Ronald Beaman,

       Plaintiff

vs.                                              Case No.

Monarch Recovery Management, Inc.
and North Star Capital Acquisition, LLC,

       Defendants

## COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF
## AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

### PARTIES

4. Plaintiff, Ronald Beaman ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Mexico, County of Dona Ana, and City of Chaparral.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Monarch Recovery Management, Inc. ("Monarch") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      Monarch is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Defendant, North Star Capital Acquisition, LLC, ("North Star") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9.      North Star is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Monarch.

11.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Monarch, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12.     Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Monarch.

13.     Monarch uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. North Star purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. North Star acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. North Star is thoroughly enmeshed in the debt collection business, and North Star is a significant participant in Monarch's debt collection process.

17. Defendant Monarch, itself and on behalf of Defendant North Star sent written communication to Plaintiff dated May 5, 2010, in which Defendant included the following statement: "Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact. Sending such a letter does not make the debt go away if you owe it.

Once we receive your letter, we may not contact you again, except to let you know that there will not be any more contact or that we intend to take a specific action."

18. Said recital of 15 U.S.C. 1692c(c) failed to include notice to Plaintiff that Defendant would further be entitled to make contact with Plaintiff for the purpose of notifying Plaintiff that Defendant or Plaintiffs alleged creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor.

19.     Furthermore, Defendants statement that "Federal Law requires that we treat you fairly" was, in light of Defendants aforementioned incomplete statement of the law, a minimization of the requirements of 15 U.S.C. § 1692 et seq, a false representation and deceptive inveiglement to and of Plaintiff. (15 U.S.C. § 1692e(10)).

### COUNT I—VIOLATIONS OF THE FDCPA
### DEFENDANT MONARCH

20.     Plaintiff repeats and re-alleges each and every allegation above.

21.     Defendant Monarch violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Monarch violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II—VIOLATIONS OF THE FDCPA
### DEFENDANT NORTH STAR

22.     Plaintiff repeats and re-alleges each and every allegation above.

23.     Defendant North Star violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that North Star violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

24.     Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully Submitted,

s/Larry Leshin
Larry Leshin
Weisberg & Meyers, LLC
1216 Indiana St. NE
Albuquerque, NM 87110
866 775 3666
866 565 1327 facsimile
Attorney for Plaintiff